IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

COREY D. THORNTON                                                    PLAINTIFF

      v.                              Civil No. 6:08-cv-06051

ROY BETHELL, Criminal Investigator,
Arkadelphia Police Department;
CHRIS HARPER, Sergeant,
Arkadelphia Police Department;
DEAN PALMER, Corporal,
Arkadelphia Police Department;
and GEORGE TACKETT, Police
Officer, Arkadelphia Police Department                              DEFENDANTS


**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Corey D. Thornton (hereinafter Thornton) filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 7, 2008.  He proceeds *pro se* and *in forma pauperis.*

The case was filed in the Eastern District of Arkansas.  On May 13, 2008, an order was entered transferring the case to this district.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2005), the Honorable Robert T. Dawson, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

**Background**

According to the allegations of the complaint, on October 15, 2007, Thornton was arrested by officers of the Arkadelphia Police Department and charged with a Terroristic Act in violation of Ark. Code Ann. § 5-13-310 (Supp. 2007) and possession of firearms in violation of Ark. Code Ann. § 5-73-103 (Supp. 2007).  Thornton was taken to the Clark County Detention Facility.

Thornton asserts he repeatedly explained to Sgt. Harper that he had nothing to do with the incident that occurred.  Nevertheless, Thornton states he was incarcerated until December 14, 2007, when he bonded out of jail with the stipulation that he wear an ankle monitor and be on house arrest. Thornton also states he was required to pay $14 a day for the electronic monitoring.

Thornton stayed on the electronic monitoring device and house arrest from December 14th until April 1, 2008.  During this period of time, Thornton alleges he lost "two separate employments."

On April 1st when he had been told to appear in court, after a few hours of waiting in court, he was advised by his public defender that it was over and he was found "to be not guilty and the charges were dismissed."  Thornton was told to go to the probation office and pay his ankle monitor fees and have the monitor removed.

As relief, Thornton seeks compensation in the amount of $1,000 per day for each day he was falsely imprisoned.  He also seeks damages in the amount of $1,500 for each day for emotional distress.  Finally, he seeks reimbursement of the ankle monitor fees of $14 a day and lost wages from both his jobs.

## Discussion

Thornton's claims are subject to dismissal.  First, in *Baker v. McCollan*, 443 U.S. 137, 99 S. Ct. 2689, 61 L. Ed. 2d 433 (1979), the Supreme Court stated:

> The Constitution does not guarantee that only the guilty will be arrested. If it did, §
> 1983 would provide a cause of action for every defendant acquitted-indeed, for every
> suspect released. Nor are the manifold procedural protections afforded criminal
> defendants under the Bill of Rights "without limits." *Patterson v. New York*, 432 U.S.
> 197, 208, 97 S.Ct. 2319, 2326, 53 L.Ed.2d 281 (1977). "Due process does not require
> that every conceivable step be taken, at whatever cost, to eliminate the possibility of
> convicting an innocent person." *Ibid.*

> The Fourteenth Amendment does not protect against all deprivations of liberty. It protects only against deprivations of liberty accomplished "without due process of law." A reasonable division of functions between law enforcement officers, committing magistrates, and judicial officers-all of whom may be potential defendants in a § 1983 action-is entirely consistent with "due process of law." Given the requirements that arrest be made only on probable cause and that one detained be accorded a speedy trial, we do not think a sheriff executing an arrest warrant is required by the Constitution to investigate independently every claim of innocence, whether the claim is based on mistaken identity or a defense such as lack of requisite intent. Nor is the official charged with maintaining custody of the accused named in the warrant required by the Constitution to perform an error-free investigation of such a claim. The ultimate determination of such claims of innocence is placed in the hands of the judge and the jury

*Baker*, 443 U.S. at 145-46.

Here, Thornton does not deny that proper procedures were utilized to arrest him and charge him with the two crimes or that proper procedures were utilized in bringing him to trial in Clark County on the criminal charges. Rather, he merely claims he was innocent of the charges and was able to ultimately prevail at trial and/or have the charges dropped the day of trial. We conclude Thornton has stated no claim that his rights under the Due Process Clause have been violated.

Second, the "Constitution does not mention malicious prosecution nor do[es Thornton] cite a basis for a federal action for malicious prosecution." *Kurtz v. City of Shrewsbury*, 245 F.3d 753, 758 (8th Cir. 2001). The Eighth Circuit has "uniformly held that malicious prosecution by itself is not punishable under § 1983 because it does not allege a constitutional injury." *Id.*

### Conclusion

Accordingly, I recommend that this case be dismissed on the grounds that the claims are frivolous and fail to state claims on which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action may be dismissed on such grounds at any time).

-3-

**Thornton has ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  Thornton is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 22nd day of May 2008.

/s/ Barry A. Bryant
BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE